UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHERYL MCGRIFF,

    Plaintiff,

v.                                                Case No. 8:20-cv-1422-T-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of her claim for a period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.  Procedural Background**

Plaintiff filed an application for a period of disability and DIB (Tr. 197-205). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 77-104, 108-16). Plaintiff then requested an administrative hearing (Tr. 117-20). Per Plaintiff's request, the ALJ held a hearing

---

[1] Kilolo Kijakazi is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kilolo Kijakazi should be substituted for Commissioner Andrew M. Saul as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

at which Plaintiff appeared and testified (Tr. 34-69). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 12-33). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6, 185-92). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. § 405(g).

### B.  Factual Background and the ALJ's Decision

Plaintiff, who was born in 1965, claimed disability beginning on February 8, 2017 (Tr. 199). Plaintiff obtained a high school education (Tr. 53, 277). Plaintiff's past relevant work experience included work as a cook helper (Tr. 47-49, 277). Plaintiff alleged disability due to being a slow learner and having diabetes, high cholesterol, and pain in her lower back, left knee, right shoulder, both wrists, and left foot (Tr. 276).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through June 30, 2022 and had not engaged in substantial gainful activity since February 8, 2017, the alleged onset date (Tr. 17). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: diabetes mellitus, lumbar and thoracic disc disorders, osteoarthritis of the knees, and obesity (Tr. 17). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 20).

The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work, except that Plaintiff could lift and/or carry 20 pounds occasionally and 10 pounds frequently; could stand and/or walk for six hours in an eight-hour workday with normal customary breaks; could sit for six hours in an eight-hour workday with normal customary breaks; should avoid climbing ropes, scaffolds, and ladders with more than five steps; could occasionally climb ladders with five steps or less; could occasionally climb ramps and stairs; could occasionally stoop, kneel, crouch, and crawl; could frequently balance; and must avoid concentrated exposure to extreme cold, excessive vibration, and industrial hazards (Tr. 20). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 21).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform her past relevant work (Tr. 25-26). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a bagger, a produce inspector, and a marker (Tr. 27, 63-64). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 27).

## II.

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the

national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether

the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

### III.

Plaintiff argues that the ALJ erred in his evaluation of Dr. David M. Herson's opinion. Mainly, Plaintiff contends that the ALJ failed to properly consider Dr. Herson's recommendation that Plaintiff sit for 50 minutes followed by walking around for 10 minutes and then sitting again (Tr. 691). The regulations define medical opinions as statements from acceptable medical sources that reflect judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis and prognosis, what the claimant can still do despite the impairments, and physical or mental restrictions. 20 C.F.R. § 404.1527(a)(1).[2] When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel*, 631 F.3d at 1179 (citation omitted). The applicable Social Security regulations in place at the time of Plaintiff's application provide guidelines for the ALJ to employ when evaluating medical opinion evidence. *See* 20 C.F.R. § 404.1527. In determining the weight to afford a medical opinion, the ALJ considers a variety of factors including but not limited to the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record, and the area of the doctor's specialization. 20 C.F.R. §

---

[2] Plaintiff submitted her application for DIB on February 28, 2017 (Tr. 199). Accordingly, 20 C.F.R. § 404.1527 provides the framework for evaluating the medical opinion evidence, as Plaintiff's claim was filed before March 27, 2017.

404.1527(c)(1)-(5).  For instance, the more a medical source presents evidence to support an opinion, such as medical signs and laboratory findings, the more weight that medical opinion will receive.  20 C.F.R. § 404.1527(c)(3).  Further, the more consistent the medical opinion is with the record, the more weight that opinion will receive.  20 C.F.R. § 404.1527(c)(4).

Typically, the ALJ must afford the testimony of a treating physician substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (citation omitted).  Good cause exists where: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records.  *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).  Notably, when considering the opinion of a medical practitioner who does not maintain a treating relationship, such as Dr. Herson, the ALJ does not need to afford such opinion great weight.  *Crawford*, 363 F.3d at 1160 (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987)).  In fact, the ALJ may reject any opinion when the evidence supports a contrary conclusion.  *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*) (citation omitted).  A reviewing court will not second guess an ALJ's decision regarding the weight to afford a medical opinion, however, so long as the ALJ articulates a specific justification for the decision.  *See Hunter v. Soc. Sec. Admin. Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015).

Here, Dr. Herson conducted a single independent medical evaluation of Plaintiff in January 2017, notably prior to the period at issue (Tr. 17, 199, 683-91). As the ALJ noted, Dr. Herson extensively reviewed Plaintiff's medical records prior to conducting the evaluation of Plaintiff (Tr. 22-23, 25, 683-91). In evaluating Plaintiff, Dr. Herson indicated that Plaintiff was still working at the time of the evaluation and that, despite complaints regarding severe pain along with back and lower extremity issues, Plaintiff demonstrated, among other things, full strength and normal tone in all extremities, normal gait and station, normal posture, normal range of motion in her extremities and joints, and normal coordination (Tr. 683-89). After reviewing Plaintiff's medical records and conducting the independent medical evaluation of Plaintiff, Dr. Herson opined that, notwithstanding her back and knee impairments and accompanying pain, Plaintiff maintained the ability to work with work restrictions, including not lifting more than 20 pounds, no stooping, no crawling, and walking around for about 10 minutes every hour, such that if she sat for 50 minutes, she would then walk around for about 10 minutes and then sit again (Tr. 691). He also recommended use of a chair with a strong back to allow her more comfort when sitting (Tr. 691). Considering all of Plaintiff's impairments, Dr. Herson assigned Plaintiff a permanent impairment rating of seven percent (Tr. 691).

In the decision, the ALJ discussed Dr. Herson's findings (Tr. 22-23) and stated the following with respect to the weight afforded to Dr. Herson's opinion:

> As noted above, Dr. Herson opined in January 2017 on the claimant's functional limitations. He opined that the claimant could work with

8

> limitations to avoid lifting over 20 pounds, as well as limitations on stooping and crawling. While I do not find that the claimant is entirely incapable of such activities, I included limitations to no more than occasional stooping and crawling. Otherwise, Dr. Herson included an option to walk around for 10 minutes each hour … Notably, Dr. Herson conducted an independent evaluation of the claimant and had the opportunity to review her medical records to that point. Therefore, his opinion carr[ies] significant probative value, and I afforded it significant weight. However, I did not afford this opinion great weight because Dr. Herson evaluated the claimant prior to the period at issue and did not have the benefit of a treating relationship.

(Tr. 25). The ALJ's statement, albeit confusing, indicates that the ALJ considered Dr. Herson's opinion, including the recommended limitations, finding that the opinion carried significant probative value but did not warrant great weight overall since Dr. Herson evaluated Plaintiff prior to the period at issue and did not maintain a treating relationship with Plaintiff. Indeed, as noted above, the opinions of medical practitioners who examine a claimant only once, such as Dr. Herson, are not entitled to great weight. *Crawford*, 363 F.3d at 1160 (citing *McSwain*, 814 F.2d at 619); *see* 20 C.F.R. § 404.1527(c)(2). Beyond that, and as Plaintiff concedes, Dr. Herson's recommended limitation of sitting for 50 minutes, followed by walking around for 10 minutes, followed by sitting again, does not conflict with the RFC for a reduced range of light work[3] involving standing and/or walking for six hours out of an eight-hour workday.

Notwithstanding, Plaintiff argues that the ALJ failed to explicitly indicate

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

whether he accepted the opinion regarding the 10-minute hourly walks and that an exchange between Plaintiff's counsel and the VE during the administrative hearing indicates that, incorporating the limitation to sitting for 50 minutes, followed by walking for 10 minutes, followed by sitting again, demonstrated that Plaintiff would not be able to perform the jobs identified by the VE.  As an initial matter, Plaintiff's counsel discussed Dr. Herson's findings during the administrative hearing (Tr. 50-51), and, in the decision, the ALJ directly acknowledged Dr. Herson's recommendation for an hourly 10-minute walk (Tr. 25), so there can be no argument that the ALJ failed to consider the opinion or limitation in rendering the decision.  Regardless, as the Commissioner asserts, the ALJ does not need to address every finding set forth by a medical source.  *See Adams v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 531, 534 (11th Cir. 2014) (citation omitted) (finding that the ALJ did not err by failing to specifically address a medical source's opinion regarding various limitations, as the ALJ's decision made clear that the ALJ considered both the medical source's opinion and the plaintiff's medical condition as a whole);[4] *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (citation omitted) (indicating that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision" as long as the decision is not a broad rejection, meaning not enough to enable the court to conclude that the ALJ considered a claimant's medical condition as a whole).

---

[4] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority.  11th Cir. R. 36-2.

Further, the testimony during the administrative hearing from the VE as to whether a hypothetical individual with Plaintiff's background and limitations could perform the jobs identified with the 10-minute walking limitation fails to indicate that Plaintiff could not perform other work with such a limitation (Tr. 64-68). The VE qualified her opinions in several ways after initially indicating that an individual with such a limitation could not perform the jobs of a bagger, a produce inspector, and a marker, including indicating that an individual could walk from one place to another without restriction (Tr. 65-66). She also indicated that other light jobs existed that were consistent with the RFC and that required some walking around, such as an office helper and a cleaner (Tr. 66). Plaintiff's counsel then interpreted Dr. Herson's opinion as indicating that Plaintiff would need to be sitting for 50 minutes out of every hour, which would correlate to sedentary work and which the ALJ stated was "another way of looking at it" (Tr. 67). In response to that exchange, the VE stated that, if classifying the work as light, other jobs existed, such as some assembly jobs and inspection jobs, that would allow an individual to sit or stand as needed and that, if it involved 10 minutes every hour for the complete shift, the availability of a job would depend upon the rest of the demands of the job (Tr. 67). The VE further clarified that jobs are classified as light based on more than just sitting and standing requirements and can be classified as light based on lifting, carrying, exertional force, and arm and motion movement on a repetitive basis (Tr. 67-68). Given this testimony, the ALJ appropriately found that Plaintiff could perform work within the RFC, including the jobs of a bagger, a produce inspector,

11

and a marker. Against this backdrop, therefore, the failure to explicitly adopt or reject a limitation, which notably did not conflict with the RFC, from a one-time examining physician does not warrant remand.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 27th day of September, 2021.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record